UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                              Plaintiff,

                                                      DECISION AND ORDER

                                                      06-CR-6162L
                                                      09-CV-6109L

              v.

LAZERO COLLADO-MONTERO,


                              Defendant.
_____


        On August 22, 2008, the defendant, Lazero Collado-Montero ("defendant"), pleaded guilty

to Count 2 of a Superseding Indictment charging him with possession with intent to distribute 500

grams or more of cocaine.  Such a plea subjected defendant to a mandatory minimum term of 5 years

with a maximum possible term of 40 years imprisonment.  The plea was entered into pursuant to a

plea agreement (Dkt. #72) which was submitted to the Court by the parties pursuant to Rule

11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Pursuant to that provision, the parties

agreed that, should it accept the plea agreement, the Court would impose a sentence of 84 months

as the appropriate sentence.  On November 12, 2008, the defendant appeared for sentencing and,

without objection of any kind, received the bargained-for sentence of 84 months.

Defendant did not file a direct appeal from the Judgment but filed the present motion to vacate under 28 U.S.C. § 2255. Later, defendant moved to amend the motion and the Government responded to the motion.

Defendant does not proclaim his innocence nor does he seek to withdraw the guilt plea. Rather, he wants the Court now to impose a different, lower sentence of imprisonment, which he claims is within the correct United States Sentencing Guideline range. The motion is denied.

Defendant makes various claims relative to the United States Sentencing Guideline calculation and, in an amendment (Dkt. #90) to the motion, claims ineffective assistance of counsel.

I give short shrift to this motion because the matters now raised by defendant were all covered in depth in the plea agreement itself and during the on-the-record discussion with defendant when he pleaded guilty. If the defendant is to be believed now, he understood virtually nothing about the plea. That is, however, belied by his statements under oath during the Rule 11 colloquy and by his signature on the plea agreement.

It is clear from defendant's statements under oath that he understood that he would receive an 84 month term of imprisonment. The Court had specific discussion with defendant on this point. It could not have been clearer.

Defendant agreed to the attorneys' calculations as to the Criminal History and the drug amount attributed to him as relevant conduct. He stated that he also understood the appeal-waiver section which precluded a direct appeal and barred the commencement of collateral proceedings such as this § 2255 proceeding. Defendant also acknowledged that he could not seek to withdraw his guilty plea on a subsequent occasion.

None of the matters raised by defendant warrant the relief he now seeks. Furthermore, defendant's present claims of ineffective assistance of counsel are without merit. Plaintiff has failed to establish either prong of the two part test enunciated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).

The pleadings, plea agreement and presentence report, demonstrate clearly that counsel's performance was not deficient and that defendant has suffered no prejudice whatsoever. This motion must be denied. Defendant had the benefit of a plea agreement with a agreed upon sentence of 84 months, which he accepted within days of the scheduled commencement of the trial. Defendant received the full benefit of the plea agreement and after clearly stating under oath his understanding all of its terms, should not be heard now to claim the contrary.

## CONCLUSION

The motion to vacate the Judgment and Commitment (Dkt. #82), as amended (Dkt. #90) is in all respects denied and the case dismissed.

I decline to issue a certificate of appealability because defendant has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      June 22, 2010.